The PEOPLE of the State of
Colorado, Complainant,

v.

T. Michael DUTTON,
Attorney-Respondent.

No. 80SA457.

Supreme Court of Colorado,
En Banc.

June 1, 1981.

Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

LEE, Justice.

Charges of unprofessional conduct in violation of C.R.C.P. 241(B) were lodged with the Supreme Court Grievance Committee against the respondent, T. Michael Dutton, who was admitted to practice law on October 6, 1970.

Personal service of the citation and complaint, as provided in C.R.C.P. 247(B) could not be obtained on the respondent as he had apparently moved his residence from the state of Colorado. Service of process was thereafter accomplished by publication in accordance with C.R.C.P. 4(g).

The complaint was processed before the grievance committee as a default matter and the record established the following account of the respondent's unprofessional conduct.

The formal complaint against the respondent involved an attorney-client relationship established in March of 1978, by which the respondent undertook to represent Irene Maguire in a malpractice claim against a medical doctor arising out of treatment for injuries incurred in an automobile accident. The respondent received a $200 retainer fee and entered into a written contingency fee contract with his client. Maguire thereafter moved to the state of Oregon and advised respondent of her new address. The respondent was aware of his client's change of residence as evidenced by a letter he wrote to her in Oregon. However, after May of 1978 respondent failed to respond to numerous telephone calls and letters written by his client to him concerning progress on her case. His client was compelled to employ another attorney in Denver, Colorado, to pursue her claim for malpractice. The new attorney was unable to contact or locate the respondent in Colorado or elsewhere or to find out what, if anything, had been accomplished toward the resolution of the Maguire claim. The grievance committee concluded that the respondent failed to perform any professional service whatsoever on behalf of his client. It is apparent that he abandoned her cause and literally left her high and dry. Fortunately, Irene Maguire was able to obtain new counsel in time to pursue her claim and she was not irrevocably prejudiced in her legal claim because of respondent's abandonment of her case.

The grievance committee found that the respondent's unethical conduct violated the

Code of Professional Responsibility in the following particulars: DR6–101(A)(3) in that he neglected a legal matter entrusted to him; DR7–101(A)(2) in that he failed to carry out a contract of employment entered into with his client for professional services; DR9–102(B)(3) in that he failed to render appropriate accounts to his client regarding funds of the client which came into his possession; and DR9–102(B)(4) in that he failed promptly to pay or deliver to the client as requested by the client the funds in his possession which the client was entitled to receive by virtue of the fact that he had undertaken no legal services on the client's behalf.

A review of the record supports the findings of the grievance committee. Respondent's demonstration of total irresponsibility leads to the conclusion that he no longer is dedicated to the high standards of professional service to which he committed himself when he took his oath of office and was granted his law license, and is not morally qualified to continue in the practice of the law. It is therefore appropriate that the discipline recommended by the grievance committee be imposed upon him.

It is the order and judgment of this court that the respondent, T. Michael Dutton, be and he is hereby suspended from practicing law in the state of Colorado; that he shall not be permitted to apply for reinstatement for a period of at least one year; and that, if he applies for reinstatement, he must demonstrate that he has complied with all applicable reinstatement rules, that he has rehabilitated himself, and that he then possesses the requisite moral qualifications for readmission to the bar of the state of Colorado.

It is further ordered that the respondent be required to reimburse his former client, Irene Maguire, the sum of $200 plus interest at the legal rate from April 3, 1978, to the date of payment. It is further ordered that respondent pay the costs of this disciplinary action in the sum of $330.99 within ninety days from the date hereof.

DUBOFSKY, J., does not participate.